**In re HIGHWAY EXPRESS CO., Bankrupt.**

**Bankruptcy No. 79 B 590 (EJR).**

United States Bankruptcy Court, S. D. New York.

July 14, 1982.

Silver & Tischler, New York City, for Trustee in Bankruptcy.

EDWARD J. RYAN, Bankruptcy Judge.

On or about April 4, 1979, Highway Express Co. ("Highway Express") filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. The case was converted to a liquidation proceeding and Highway Express was adjudged a bankrupt on February 2, 1981. Norman R. Silver was thereafter approved as the duly elected trustee of the estate of the bankrupt.

By application dated March 15, 1982, the trustee sought court approval to remit $1,865 to the Teamsters Local 25 Federal Credit Union on behalf of certain of the bankrupt's former employees. In a letter dated March 17, 1982, this court requested

the trustee to supply authority for its application.

The three cases cited [1] by the trustee as authority to permit the Credit Union to reclaim funds which were deducted from employees' salaries but were not remitted to the Credit Union do not actually support such a position.

Each of the cases holds that there is a right to reclamation of goods by a seller which prevails over a trustee's rights as a hypothetical lien creditor. Relying on § 2–702 of the Uniform Commercial Code and § 70 of the Bankruptcy Act, the courts have held that there is a right of reclamation of a credit seller which is superior to a right of an insolvent buyer's trustee. A state-created statutory property interest prevails over the interest of the trustee.

The decisions in the aforementioned three cases deal specifically with a sale of goods by a seller to an insolvent buyer. In the instant situation, the trustee is attempting to analogize the reclamation of funds to that of goods. However, the cases cited narrowly hold that a seller of goods has a right to reclaim those goods according to statutory provisions. There is no language concerning the reclamation of money.

No authority has been cited for the reclamation of funds by a credit union in these circumstances. The application must be and it is denied.

It is so ordered.

1. *In re Federal's Inc.*, 553 F.2d 509 (6th Cir. 1977); *In re Telemart Enterprises, Inc.*, 524 F.2d 761 (9th Cir. 1975), *cert. denied* 424 U.S. 969, 96 S.Ct. 1466, 47 L.Ed.2d 736 (1976); *In re PFA Farmers Mkt. Ass'n*, 583 F.2d 992 (8th Cir. 1978).